T.C. Summary Opinion 2007-161


UNITED STATES TAX COURT



PERRY ALAN PEDERSEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3391-05S.            Filed September 10, 2007.


Perry Alan Pedersen, pro se.

Charles M. Berlau, for respondent.


WHERRY, Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1] All subsequent section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable year at issue.  The Rule reference is to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the 2002 taxable year in the amount of $23,277. Respondent also determined an accuracy-related penalty pursuant to section 6662(a) in the amount of $1,068. Petitioner does not dispute the deficiency as determined by respondent.[2] Thus, the sole issue now before the Court is whether petitioner is liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference. At the time he filed his petition, petitioner resided in Albuquerque, New Mexico.

Petitioner filed, in a timely manner, a Form 1040, U.S. Individual Income Tax Return, for the 2002 taxable year. For the 2002 taxable year, petitioner received from his employer, Altana, Inc., two Forms W-2, Wage and Tax Statement, in the amounts of $103,955.11 and $73.313.30. Petitioner failed to report, on his Form 1040, $73,310.30 in wages, the amount on one of his Forms W-

[2] Although the amount of tax owed is not in dispute, it is noteworthy that the actual amount of tax owed by petitioner was $5,337.10, significantly less than the $23,277 deficiency listed in the notice of deficiency. The difference is attributable to the fact that withholding from one of petitioner's Forms W-2, Wage and Tax Statement, was not initially accounted for by respondent because petitioner had failed to report the income from that Form W-2. Respondent accounted for that difference before determining the accuracy-related penalty in this case. In any event, the deficiency in this case constitutes a substantial understatement of income tax.

2, and $15 in dividend income. In addition, in Schedule E, Supplemental Income and Loss, petitioner improperly reported a $7,584 passive loss. On January 24, 2005, respondent issued the aforementioned notice of deficiency. Petitioner then filed a timely petition with this Court disputing only his liability for the accuracy-related penalty. A trial was held on November 27, 2006, in Albuquerque, New Mexico.

## Discussion

### I. Parties' Contentions

Petitioner argues that he is not liable for the accuracy-related section 6662(a) penalty because he relied on his accountant for the preparation of his 2002 tax return. In addition, petitioner contends that he and his accountant were confused by the fact that petitioner's employer, Altana, Inc., had issued two separate Forms W-2 for the 2002 taxable year. Petitioner asserts that he believed that only one of the Forms W-2 was correct and that one Form W-2 superseded the other. In support of this contention, petitioner has provided two letters from his accountant, David M. Beail (Mr. Beail), sent to the Internal Revenue Service (IRS) in August and October 2004 in an attempt to persuade the IRS to abate the section 6662(a) penalty. In the October 2004 letter, Mr. Beail asserts that "It was our

thought that only one W-2 was correct, as Mr. Pedersen had never received two W-2's from his company."[3]

Respondent contends that nothing other than petitioner's own testimony indicates whether his accountant was competent.  More importantly, respondent asserts that petitioner and his accountant's assumptions regarding the two Forms W-2 were not reasonable in light of the fact that neither Form W-2 was marked revised.  Respondent further asserts that the failure of petitioner and his accountant to contact Altana, Inc., in order to verify the correct amount of petitioner's wages reflects a lack of good faith and reasonable cause.  Finally, respondent points out that, at trial, petitioner admitted that he had not examined his tax return "closely enough" and that petitioner's failure to do so resulted in his failing to report more than 40 percent of his wages on his 2002 tax return.

---

[3] At trial, respondent conceded that the October 2004 letter is contained in respondent's administrative file. Petitioner had already raised that letter in his pretrial memorandum.  Nevertheless, when petitioner referred to that letter at trial, respondent objected to its introduction into evidence on the basis of hearsay.  Noting that this is a small tax case, the Court observed that section 7463 generally allows disputes in small tax cases to be decided in proceedings in which the normally applicable procedural and evidentiary rules are relaxed.  In addition, the Court referenced Rule 174(b), which provides: "Trials of small tax cases will be conducted as informally as possible consistent with orderly procedure, and any evidence deemed by the Court to have probative value shall be admissible."  The Court then overruled respondent's objection.

## II.  Section 6662 Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty.  This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

We conclude that respondent has met the section 7491(c) burden of production with respect to the substantial understatement penalty.  As explained below, in this close case, we ultimately find unavailing petitioner's argument that he is not liable for the accuracy-related penalty because he acted with reasonable cause and in good faith by relying on his accountant in failing to report $73,313.30 in wages for the 2002 taxable year.

Subsection (a) of section 6662 imposes an accuracy-related penalty on an underpayment of tax that is equal to 20 percent of any underpayment that is attributable to a list of causes contained in subsection (b).  Among the causes justifying the imposition of the penalty are (1) negligence or disregard of rules or regulations and (2) any substantial understatement of income tax.  Section 6662(c) defines negligence as "any failure to make a reasonable attempt to comply with the provisions of this title."  "[D]isregard" is defined to include "any careless,

reckless, or intentional disregard." Id. Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-2990), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is a "substantial understatement" of income tax for any taxable year where the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000. Sec. 6662(d)(1)(A)(i) and (ii). However, the amount of the understatement is reduced to the extent attributable to an item (1) for which there is or was substantial authority for the taxpayer's treatment thereof, or (2) with respect to which the relevant facts were adequately disclosed on the taxpayer's return or an attached statement and there is a reasonable basis for the taxpayer's treatment of the item. See sec. 6662(d)(2)(B).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the

determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

Reliance upon the advice of a tax professional may, but does not necessarily, establish reasonable cause and good faith for the purpose of avoiding a section 6662(a) penalty. See United States v. Boyle, 469 U.S. 241, 251 (1985) ("Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute."). Such reliance does not serve as an "absolute defense"; it is merely a "factor to be considered." Freytag v. Commissioner, supra at 888. The caselaw sets forth the following three requirements in order for a taxpayer to use reliance on a tax professional to avoid liability for a section 6662(a) penalty: (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the tax adviser, and (3) the taxpayer actually relied in good faith on the adviser's advice. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

In this case, the notice of deficiency included the imposition of a $1,068.00 section 6662(a) penalty on the basis that there was a substantial understatement of petitioner's

income tax for the 2002 taxable year.  Petitioner does not contest that he substantially understated his 2002 income tax. The vast majority of that understatement was attributable to petitioner's failure to report $73,313.30 in wages on his income tax return for that year.  Although petitioner also failed to report $15 in dividend income and improperly claimed a $7,584 Schedule E passive activity loss, all of petitioner's and respondent's arguments, at trial and in their briefs, focus on petitioner's failure to report the $73,313.30 in wages.

With respect to the first prong of the Neonatology, test, we conclude that petitioner has established that his accountant was a competent professional who had sufficient expertise to justify reliance.[4]  See Neonatology Associates, P.A. v. Commissioner, supra at 99.  With respect to the second prong of the Neonatology test, Mr. Beail's letters make clear that petitioner did provide Mr. Beail with both Forms W-2.  Because petitioner's failure to report all of his wages is the sole basis argued by respondent to support the imposition of a penalty in this case, petitioner has satisfied the second prong of the Neonatology test.

---

[4]  Mr. Beail's letters indicate that he is a certified public accountant, and records of the Washington State Board of Accountancy, which this Court will take judicial notice of, indicate that Mr. Beail is currently licensed to practice public accounting.  In addition, the Supreme Court has held that accountants, like attorneys, are professionals upon whom taxpayers can rely for advice "on a matter of tax law, such as whether a liability exists."  United States v. Boyle, 469 U.S. 241, 251 (1985).

Turning to the third prong of the <u>Neonatology</u> test, we note that petitioner admitted at trial that he had not examined his 2002 tax return "closely enough." Petitioner had a duty to read his return to ensure that all income items were included. <u>Magill v. Commissioner</u>, 70 T.C. 465, 479-480 (1978), affd. 651 F.2d 1233 (6th Cir. 1981). Petitioner was not permitted to bury his head in the sand and ignore his obligation to ensure that his tax return accurately reflected his income for the 2002 taxable year. In the end, reliance on his accountant does not excuse petitioner's failure to closely examine his 2002 tax return.

To the extent that petitioner and/or his accountant might have been confused by the fact that petitioner's employer, Altana Inc., issued two Forms W-2 for the 2002 taxable year rather than one, they were free to contact petitioner's employer to inquire as to that issue. As was conceded by petitioner at trial, neither petitioner nor his accountant contacted Altana, Inc., before filing petitioner's 2002 tax return, in order to determine why petitioner had been issued two Forms W-2 for the 2002 taxable year. Given (1) the materiality of the large amount of unreported Form W-2 income, (2) the fact that petitioner and his accountant were both confused as to why petitioner had received two Forms W-2, and (3) the fact that neither one of them made a reasonable effort to resolve that issue, the Court cannot find that petitioner relied in good faith on Mr. Beail's advice.

Finally, as respondent correctly points out, because neither Form W-2 was marked as having been corrected, it was not reasonable for petitioner and his accountant to believe, without questioning petitioner's employer, that only one of the Forms W-2 was correct.

Although this close case might have been more equitably resolved by the parties, this Court is constrained to apply the full penalty or no penalty at all.  Because petitioner has not demonstrated reasonable cause and good faith for the underpayment, the Court sustains respondent's imposition of the section 6662(a) penalty.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.